# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and RACHEL S. MAY, Revenue Officer of the INTERNAL REVENUE SERVICE,<br><br>   Petitioners<br><br>  v.<br><br>SHARON PLEMONS,<br><br>   Respondent | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:05-cv-282 |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and RACHEL S. MAY, Revenue Officer of the INTERNAL REVENUE SERVICE,<br><br>   Petitioners<br><br>  v.<br><br>LAMAR G. PLEMONS,<br><br>   Respondent | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:05-cv-283 |

## **MEMORANDUM AND ORDER**

These matters are presently before the court on respondents' motions to dismiss the pending petitions to enforce the IRS summonses [*see* Doc. 4].[1] The issues raised have been briefed by the parties [*see* Docs. 4 and 11]; thus, these matters are now ripe for adjudication. For the reasons that follow, respondents' motions will be denied whereby these matters will be reset for show cause hearings.

I.

The pending petitions have their genesis in the IRS investigations regarding the tax liability of respondents Sharon L. and Lamar G. Plemons (respondents) by IRS Revenue Officer Rachel S. May (Officer May) because, according to the government, respondents did not file tax returns for the years 2002 and 2003. On October 26, 2004, Officer May issued IRS summonses to respondents, requesting that they appear on November 15, 2004, to give testimony and produce information relative to their tax liability [*see* Doc. 1, Ex. A, ¶ 6]. Although the summonses were duly served, respondents did not appear before Officer May as directed.

On June 9, 2005, the government filed the pending petitions to enforce IRS summonses [*see* Doc. 1]. On the following day, the court entered orders to

---

[1] For convenience's sake, the court will reference only one docket number because the docket numbers in both cases are precisely the same.

2

show cause requiring respondents to appear and explain why they should not be compelled to obey the summonses [*see* Doc. 2]. On June 30, 2005, the respondents, proceeding *pro se*, filed the pending motions to dismiss, arguing that the court lacks subject matter jurisdiction.[2] Respondents also request costs for "seeking legal guidance ... and [for] obtaining expert assistance." [*See* Doc. 4, p.8, ¶3].

II.

Respondents advance two key arguments to contest the subject matter jurisdiction of this court to enforce the IRS summonses at issue. First, respondents contend that the statutory provisions which confer jurisdiction on district courts to enforce IRS summonses, 26 U.S.C. §§ 7402(b) and 7604(a), are limited by "implementing regulations" that apply only to Alcohol, Tobacco, and Firearms (ATF)

---

[2]These filings were also captioned as responses to the orders to show cause. However, the show cause orders require that any explanation proffered to counter the government's petition and Officer May's sworn declaration be likewise presented through sworn testimony, *i.e.*, affidavits. These filings by respondents lack sworn (or even unsworn) declarations. Consequently, any statements or arguments contained in these filings that respondents intend to rebut the IRS' *prima facie* showing that the summonses were appropriately issued are insufficient and need not be addressed in this memorandum and order. As one court has observed:

> It is well settled that a party opposing an IRS summons must come forward with specific facts, under oath, from his own resources, demonstrating that a triable issue exists on a legally sufficient defense, in order to justify an evidentiary hearing.

*Godwin v. United States*, 564 F. Supp. 1209, 1215 (D. Del. 1983) (citations omitted).

3

activities. Because respondents have never been involved in such activities, they argue that neither Officer May nor this court have any authority to "investigate individuals who have never engaged in those business activities." [Doc. 4, pp.3-4].

Respondents' second argument is that Officer May, who is assigned to the Small Business / Self-Employed Business Division, had no authority to issue and serve the summonses in dispute because respondents are neither a small business nor self-employed individuals. Consequently, respondents contend that this court does not have jurisdiction to enforce summonses that the IRS had no authority to issue in the first place. Neither argument has merit.

A.

The IRS is authorized to make inquiries concerning any person who may owe any Internal Revenue tax. 26 U.S.C. § 7601. Unless a taxpayer has been referred to the Justice Department for criminal prosecution, the IRS may issue an administrative summons requiring any person - including the taxpayer - having possession of financial records concerning the taxpayer to produce those records. 26 U.S.C. § 7602(a)(2). The Commissioner of the IRS is given authority by Congress to have summonses issued to discharge this investigative responsibility.

4

26 U.S.C. § 7602; *see also* 26 C.F.R. § 301.7602-1.[3] Absent a specific showing to the contrary, a presumption of integrity and regularity exists regarding IRS investigations. *See McTaggart v. United States*, 570 F. Supp. 547, 549 (E.D. Mich. 1983).

After a summons has been issued by the IRS, there is no provision for personal enforcement of the summons by the Secretary of the Treasury or his delegate, the Commissioner of the IRS. *See, e.g., Donaldson v. United States*, 400 U.S. 521, 524 (1971). If enforcement of the summons is desired, the IRS must proceed under 26 U.S.C. § 7402(b) or its sister and essentially identical statute, 26 U.S.C. § 7604(a). Those statutes are as follows:

> **(b)** **To enforce summons. --** If any person is summoned under the internal revenue laws to appear, to

---

[3]Treasury regulation 26 C.F.R. § 301.7602-1 states:

> (a) For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of **any person** for any internal revenue tax ... **any authorized officer** ... may examine any books, papers, records or other data which may be relevant or material to such an inquiry.

> (b) For the purposes described in § 301.7602-1(a), the Commissioner is authorized to summon the person ... to appear before one or more officers ... [and the] Commissioner may designate one or more officers ... as the individuals before whom a person summoned ... shall appear.

(emphasis added).

5

> testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

26 U.S.C. § 7402(b).

> **(a)    Jurisdiction of district court. --** If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

26 U.S.C. § 7604(a).

Respondents argue that the IRS' authority to bring a proceeding pursuant to either 26 U.S.C. § 7402(b) or § 7604(a) arise only from "implementing regulations ... not in Title 26 Income Taxes but in Title 27 Alcohol, Tobacco and Firearms Taxes." [*See* Doc. 4, pp.3-4]. Respondents further argue that Officer May has "no authority to investigate individuals who have never engaged in those business activities[, *i.e.*, alcohol, tobacco and firearms] ... ." [*Id.* at 4]. Respondents submit therefore that the summonses issued by Officer May are not "legitimate" so that "there can be no legitimate request for Court action in this matter." [*Id.* at 7]. Respondents are simply mistaken.

The plain language of 26 U.S.C. § 7602(a) allows the IRS to summon "any person" to determine his or her tax liability. The statute, by its very language. imposes no restrictions that limit the scope of the summons authority to persons involved in alcohol, tobacco, and firearms activities. Treasury regulation 26 C.F.R. § 301.7602-1, which has already been set forth previously in this memorandum and order, likewise makes the same pronouncement. The IRS therefore has "both statutory and regulatory authority to issue the summons." *United States v. Streett*, 791 F. Supp. 563, 568 (D. Md. 1992).

The court observes that respondents' arguments regarding "implementing" regulations are not unique. These same arguments have been advanced by others attempting to avoid legitimate IRS investigations and have been soundly and uniformly rejected by other courts. As recently noted by the district court in the Eastern District of Kentucky regarding this precise same argument:

> Respondent's arguments -- frequently heard in recent years from similar "tax protesters" -- have been soundly rejected by numerous courts. "It is patent that section 7602 is not so limited. A summons can be issued to determine the taxability of 'any person.'" (citations omitted).
>
> In addition, Treasury regulation § 301.7602-1 authorizes the IRS to implement § 7602 with respect to "any person." Therefore, the ATF regulations are not the exclusive source of authority for summons issued pursuant to 26 U.S.C. § 7602. Finally, every court faced with this issue has rejected Respondent's argument, to the extent that

7

>     Respondent would imply that ATF regulations govern the issuance of IRS administrative summons. (citations omitted).

*United States of America v. Hibben*, 2005 WL 1208861 at *2 (E.D. Ky. Feb. 16, 2005). This court too rejects respondents' argument that the authority delegated to the IRS to issue administrative summonses is limited to matters involving alcohol, tobacco, and firearms. The court concludes that it has jurisdiction pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) to enforce the summonses at issue.

B.

Respondents' next argument is that because Officer May's position with the IRS is in the Small Business / Self-Employed Division, she has no authority to conduct investigations involving individual taxpayers, including the issuance of summonses to individual taxpayers. Respondents have no case law in support of this novel argument.

Pursuant to 26 U.S.C. § 7602(a)(2), Congress authorized the Secretary of the Treasury to issue summonses and has allowed for the delegation of that authority, pursuant to 26 U.S.C. §§ 7701(a)(11)(B) and (a)(12)(A), to flow directly to the Commissioner of the IRS. *See* 26 C.F.R. § 301.7602-1. Likewise, the Commissioner's authority is re-delegated to those working under him so that the

8

objectives and responsibilities of the IRS may be undertaken. The court agrees with the government that revenue officers such as Officer May, regardless of the particular IRS division to which they have been assigned, are authorized by law to issue and serve summonses, as well as to establish the time and place for appearance, to take testimony under oath of the persons summoned, and to receive and examine data produced in compliance with the summonses. Internal Revenue Manual 1.2.52.5, Delegation Order 4, August 16, 2002.

Again, respondents are not the first to make similar arguments to challenge a court's jurisdiction or to explain non-compliance with an IRS summons. The court in *Hibben* also rejected such an argument:

> Mr. Hibben's suggestion that Agent Williams is either not an authorized agent of the Internal Revenue Service or is somehow not empowered to issue an administrative summons is rejected as frivolous. Rather than reinventing the wheel, the court will again quote from the analysis of the court in *Stoecklin* in rejecting a similar argument:
>
>> Respondent argues that the summons was improperly served upon him because service was by a revenue officer and revenue officers have not been properly delegated authority to serve IRS summons. "[T]he Secretary" is authorized to issue a summons, 26 U.S.C. § 7602(a)(2). This includes the delegate of the Secretary of the Treasury, 26 U.S.C. § 7701(a)(11)(B), which in turn includes redelegations of authority. 26 U.S.C. § 7701(a)(12)(A). ... The Commissioner has

9

> delegated the authority to issue summons to Revenue Officers, Internal Revenue Service Delegation Order No. 4 (Rev. 20), which was published prior to service of this summons.

*Hibben*, at *3-4 (quoting *United States v. Stoecklin*, 848 F. Supp. 1521, 1526-27 (M.D. Fla. 1994)).

Here, the court finds that Officer May has the delegated authority to investigate the tax liability of respondents and to issue a summons for them to appear before her. Respondents' arguments to the contrary are rejected.

### C.

Finally, respondents request the "cost of seeking legal guidance in how to address Petitioners' continued harassment and continued refusal to correct the record, and the cost of obtaining expert assistance in decoding and analysis of the Individual Master File." [*See* Doc. 4, p.8]. Not only is there no statutory authority to grant respondents' request, but also the court finds that this request has no merit because of the frivolous and baseless nature of respondents' motions to dismiss.

### III.

For the reasons foregoing, respondents' motions to dismiss [Doc. 4] are hereby DENIED whereby this matter will be reset for a show cause hearing on

10

Case 3:05-cv-00283   Document 12   Filed 12/01/05   Page 10 of 11   PageID #: 10

**February 7, 2006, at 11:00 a.m.**, in Courtroom 1B of the Howard H. Baker Jr. United States Courthouse, 800 Market Street, Knoxville, Tennessee 37902.[4] Respondents are cautioned that their failure to appear will result in the issuance of bench warrants for their immediate arrest.

**E N T E R :**

*s/ James H. Jarvis*
UNITED STATES DISTRICT JUDGE

---

[4]The attorney for the government and the *pro se* petitioners are directed to confirm the precise courtroom location with the court security officers immediately prior to this hearing.